# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| UNITED STATES, *ex rel.* SERVE ALL HELP ALL, INC., *etc.*, *et al.*, <br><br>  Plaintiffs, <br><br>  v. <br><br> HBSC BANK USA, *et al.*, <br><br>  Defendants. | CV 14-00210 TJH (DFMx) <br><br><br> Order |

  The Court has considered Relators' motion for leave to file a Fifth Amended Complaint ["FAC"], together with the moving and opposing papers.

  On April 14, 2017, the Court dismissed Relators' Fourth Amended Complaint without prejudice because the Fourth Amended Complaint failed under the *Twombly*/*Iqbal* standard, as well as the heightened Fed. R. Civ. P. 9(b) standard [the "April 14, 2017, Order"]. The April 14, 2017, Order, also, dismissed Relators' FIRREA claim with prejudice. Relators, now, request leave to file the FAC. The FAC alleges only violations of the False Claims Act, 31 U.S.C. §§ 3729–3733, *et seq*.

  Leave to amend a complaint, while generally granted liberally, is properly denied when the amendments would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, denial without leave is proper as the FAC would be futile because the claims are barred by the False Claims Act's public disclosure bar.  31 U.S.C. § 3730(e)(4).

Further, district courts lack jurisdiction to consider *qui tam* suits, such as the instant suit, under the "public disclosure bar . . . where there has been a public disclosure of the [alleged] fraud, unless the relator qualifies as an 'original source' of the information."  *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1127 (9th Cir. 2015) (en banc).  "The public disclosure bar is triggered if three things are true: (1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was 'public'; and (3) the relator's action is 'based upon'" or is substantially similar to, *inter alia*, "the allegations . . . publicly disclosed."  *Malhotra v. Steinberg*, 770 F.3d 853, 858 (9th Cir. 2014).

On June 4, 2010, the complaint was filed in *United States ex rel. Szymoniak v. Am. Home Mort. Servicing, Inc.*, Case No. 10-cv-1465, 2014 WL 1910845 (D.S.C. May 12, 2014), *aff'd sub nom.*, 2017 WL 634705 (4th Cir. Feb. 16, 2017).  The *Szymoniak* complaint named "defendants who were the trustees or servicers of mortgage-backed securities ("MBS") trusts in which the United States had invested."  The *Szymoniak* complaint alleged "false claims in three ways: (1)" that the defendants "falsified documents to recover [Federal Housing Administration or "FHA"] . . . mortgage insurance; (2)" that the defendants "charged the Government for the creation and filing of the falsified documents in FHA-insured foreclosures; and (3)" that the defendants "submitted false claims to the investors of MBS Trusts, including the Government Plaintiffs, for services that were never rendered and for services and expenses related to the falsified documents used in foreclosures."  *United States ex rel. Szymoniak*, 2014 WL 1910845 at *2.  On August 1, 2013, the *Szymoniak* Court unsealed the case.

Each element of the public disclosure bar is met.  First, the *Szymoniak* complaint constitutes "disclosure . . . through one of the channels specified in the statute[,]" *see Malhotra*, 770 F.3d at 858, because § 3730(e)(4) specifies "Federal . . . civil . . .

hearing[s] in which the Government or its agent is a party." Second, the disclosure was public because, *inter alia*, the case was unsealed on August 1, 2013, and was, therefore, disclosed to, at minimum, "a single individual" at that point. *See Malhotra*, 770 F.3d at 858.

Lastly, Relators' action is based upon, or is substantially similar to "the allegations . . . publicly disclosed" in *Szymoniak*. *See Malhotra*, 770 F.3d at 858. Each Defendant in the instant matter was, also, a defendant in *Szymoniak*. Further, similar to the allegations in *Szymoniak*, Relators allege, *inter alia*, that Defendants falsified documents to recover FHA mortgage insurance. The FAC alleges, *inter alia*, that each Defendant "presented to the United States false or fraudulent claims for payment or approval, including but not limited to improper claims for payment of FHA residential mortgage insurance or guarantees." Further, the FAC does not show that the public disclosure bar does not apply under the "original source" exception to the public disclosure bar. *See United States ex rel. Hartpence*, 792 F.3d at 1127. Thus, granting leave to file the FAC would be futile because its claims would be barred under the False Claim Act's public disclosure bar.

Moreover, even if the public disclosure bar did not apply, the FAC would be barred under the first-to-file bar. *See* § 3730(b)(5). "The first-to-file bar precludes civil actions based on complaints which allege the same material facts as an earlier-filed civil complaint." *United States ex rel. Hartpence*, 792 F.3d at 1123. Here, the Complaint in the instant matter was filed on February 12, 2014, whereas the *Szymoniak* complaint was filed on June 4, 2010. As discussed above, the FAC alleges the same material facts as the *Szymoniak* complaint. Therefore, the first-to-file bar, also, bars the FAC. *See United States ex rel. Hartpence*, 792 F.3d at 1123.

Accordingly,

It is Ordered that the motion for leave to file a Fifth Amended Complaint be, and hereby is, Denied.

1   **It is Further Ordered** that this case be, and hereby is, **Dismissed** with
2   prejudice.

5   Date: July 25, 2017

_____
Terry J. Hatter, Jr.
Senior United States District Judge